IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MARK SHILLER,** | ) | **CASE NO. 8:03CV365** |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM AND ORDER** |
| **SARPY COUNTY, a political subdivision of the State of Nebraska, JEFF DAVIS, in his official capacity as Sarpy County Sheriff,** | ) | |
| Defendants. | ) | |

This matter is before the Court on the Defendants' Objections to Plaintiff's proposed jury instructions (Filing No. 190) and on the Plaintiff's Objections to Defendants' proposed jury instructions (Filing No. 191). Defendants object to Plaintiff's proposed instructions referred to by the parties in the order they appear: 1-3, 5-6.[1] The Defendants' objections to Plaintiff's instructions referred to as 1, 2, 3, 5, and 6 are sustained either in whole or in part, which I will briefly explain.

I conclude there is no need for the narrative proposed by the Plaintiff in Instruction No. 1, and it may actually confuse the jury, though by agreement of the parties the actual language of the First Amendment may be incorporated into an instruction. Defendants' objection to Plaintiff's second instruction is overruled to the extent Defendants contend that separate instructions on each protected activity and each allegedly adverse action are needed. Defendants' objection to the second instruction relative to the Plaintiff's identification of the criminal prosecution as an adverse employment action at issue in this case is sustained. While the County's criminal prosecution of Shiller may be evidence of the County's motivation, the criminal prosecution was not alleged in the Complaint and no

---

[1] Defendants' statement regarding Plaintiff's proposed instruction no. 4 is not an objection.

attempt to amend the Complaint was made. Defendants' objection to Plaintiff's third proposed instruction related to "motivating factor" for the reason that Plaintiff has attempted to tailor the instructions to the facts of the case is overruled. Such tailoring is both recommended and useful, but the Defendants' objection is sustained to the extent that the Plaintiff has identified allegedly adverse employment actions that were not included in the allegations of the Complaint. Defendants' objection to Plaintiff's proposed instruction on actual damages is sustained as the Court will follow the Eighth Circuit Model Jury Instruction 5.72A. Defendants' objection to Plaintiff's proposed instruction regarding punitive damages is sustained to the extent Plaintiff may seek its use in the case submitted to the jury. To the extent that Plaintiff seeks to use the instruction to obtain an "advisory" finding by the jury on the subject of punitive damages against Sheriff Thomas if he were to be reinstated in the case in his personal capacity following appeal, I reserve my ruling on that issue until the parties may be heard in argument on the matter.

The Plaintiff's objections to the Defendants' proposed instructions are primarily sustained, but are overruled in part. This court has already identified, as a matter of law, that certain statements and activities by Shiller constitute protected conduct under the First Amendment. The protected conduct previously identified by the Court, and reaffirmed here, includes the inquiry that Plaintiff made about the existence of de facto ticket quotas, his union representation of employee S.G. in a disciplinary proceeding, and the March 27, 2003, and April 17, 2003, letters written by Shiller to the Nebraska Attorney General's Office. Accordingly, the Plaintiff's objection to the Defendants' proposed instruction on the free speech claim as it relates to Plaintiff's constitutionally protected conduct is sustained. To the extent that Plaintiff objects to the Defendants' proposed instructions based on their exclusion of the criminal prosecution of Shiller as a separate "adverse employment action,"

the objections are overruled. While the County's criminal prosecution of Shiller is relevant evidence regarding the County's motivation, the criminal prosecution was not alleged in the Complaint and Shiller did not move to amend to include allegations regarding the criminal prosecution. The jury will not be instructed that the criminal prosecution is separate adverse employment action in this case.

Plaintiff's objection to Defendants' third proposed instruction's use of the "implemented a policy" phrase is sustained, because the proposed instruction does not accurately state the law as it must be applied in this case and is confusing. The Plaintiff's objection to the Defendants' proposed use of multiple instructions to address separately each instance of protected conduct and each adverse employment action is sustained because such an approach would be confusing and unnecessarily redundant. I agree with the Plaintiff that use of the instruction often referred to as the "business judgment rule" as worded in the Eighth Circuit Model Civil Jury Instruction No. 5.94 is inappropriate in this case, and Plaintiff's objection to the "adverse employment action" instruction is also sustained as it misstates the law as applied in First Amendment retaliation cases.

The parties may plan to discuss proposed jury instructions with the Court during an informal instruction conference, and the parties will be given an opportunity to state objections, if any, to the final instructions on the record. For these reasons,

IT IS ORDERED:

1. Defendants' objections (Filing No. 190) are sustained in part and overruled in part consistent with this Memorandum and Order; and

2. Plaintiff's objections (Filing No. 191) are sustained in part and overruled in part consistent with this Memorandum and Order.

Dated this 23rd day of September, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge