IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **MARK SHILLER,** | ) | **CASE NO. 8:03CV365** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM AND ORDER** |
| **SARPY COUNTY, a political** | ) | **ON ATTORNEY'S FEE** |
| **subdivision of the State of Nebraska,** | ) | |
| **and JEFF DAVIS, in his official** | ) | |
| **capacity as Sarpy County Sheriff,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on the Plaintiff's Application for Attorney's Fee (Filing No. 221). Plaintiff Mark Shiller seeks payment of his attorney's fees in the amount of $66,395.00 pursuant to 42 U.S.C. § 1988. Defendants Sarpy County and Sarpy County Sheriff Jeff Davis oppose the application, arguing that the requested fees should be discounted to reflect Sheriff Pat Thomas' success in raising the qualified immunity defense. In addition, Defendants contend that the hourly rate sought and the number of hours billed are unreasonable.

Courts may award attorney's fees to a prevailing party in an action based on 42 U.S.C. §1983. In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the United States Supreme Court outlined the major factors to be considered by a court in awarding attorney's fees: 1) whether an award is appropriate; and 2) the value of the services rendered as determined by the "lodestar" method. *Id*. at 433.[1] A court must also consider whether an

---

[1] Before Hensley, the so-called "*Johnson* factors" were the courts' primary guide in formulating awards. This Court has recognized that the *Johnson* factors should be considered as they bear on calculating the lodestar. Those factors are: (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment; (5) customary fee; (6) whether fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10)

1

enhancement or reduction to the lodestar is warranted in a particular case. *Jensen v. Clarke,* 94 F.3d 1191, 1203-04 (8th Cir. 1996).

With regard to the first *Hensley* consideration, whether an award is appropriate in this case, the Court finds that Shiller clearly prevailed against the Defendants. At the end of a six-day jury trial, a jury returned a verdict that unambiguously reflected that Shiller had prevailed in the case. The jury awarded Shiller $155,000 finding that he had been deprived of his rights under the First Amendment by his public employer. Accordingly, I turn to the second *Hensley* consideration, the value of the services rendered calculated according to the lodestar method.

The lodestar is calculated by determining the number of hours reasonably expended on the case and multiplying them by the applicable hourly market rate for the relevant legal services. *Hensley*, 461 U.S. at 433. The prevailing party must submit documentation to establish the amount of the request; must exercise "billing judgment;" and must be mindful that "[h]ours . . . not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 434 (*citing Copeland v. Marshall,* 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc) (emphasis original)). This Court has stated:

> With respect to hours reasonably expended, that is ultimately a judgment for the court. The issue, however, "is not whether hindsight vindicates an attorney's time expenditures, but whether at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Awarding Attorneys' Fees* at 24-25 n. 116 (*quoting Grant v. Martinez*, 973 F.2d 96, 99 (2nd Cir.1992), *cert. denied*, 506 U.S. 1053, 113 S.Ct. 978, 122 L.Ed.2d 132 (1993)). The Supreme Court made it clear that counsel are required to exercise billing judgment and that district courts are

---

undesirability of case; (11) nature and length of relationship with clients; and (12) awards in similar cases. *Johnson v. Georgia Highway Express,* 488 F.2d 714, 717 (5th Cir.1974). I have considered these factors, and I note that the second and eighth factors are particularly supportive of the reasonableness of the fee application in this case, and that none of the factors detract from the reasonableness of the application.

>    required to exclude from initial fee calculations hours that were not reasonably expended, including excessive, redundant, or otherwise unnecessary work. *Hensley,* 461 U.S. at 434, 103 S.Ct. at 1939-40.

*El Tabech v. Gunter*, 869 F. Supp. 1446, 1456 (D. Neb. 1994). "The hours reasonably expended are determined by reviewing the records submitted by counsel, verifying the accuracy of the records, and then deducting excessive, redundant, or otherwise unnecessary work. . . . [W]hen calculating the lodestar, various things are subsumed within it; that is, reductions for insufficient documentation are included in the lodestar calculation and the novelty or difficulty of the case is also included. . . . " *U & I Sanitation v. City of Columbus,* 112 F.Supp.2d 902, 904 (D. Neb. 2000).

The total number of hours claimed by Plaintiff's counsel, John E. Corrigan, is 379.4 (Filing No. 230, attachment 2 at p. 15). I have considered the descriptions provided in the statement of professional service submitted by Corrigan, and I found the descriptions to be sufficiently detailed. I found no problems of excess or redundancy in the work. Corrigan began representing the client shortly before the Complaint was filed, and he pursued preliminary injunctive relief to maintain the status quo relative to his client's employment with Sarpy County. The amount of time Corrigan spent on discovery, depositions, and the substantial motion practice in this case was appropriate given Shiller's need to prove the Defendants' unlawful motivation, in this case by demonstrating the disparity between the manner in which Shiller was treated and other Sarpy County employees who had not engaged in protected conduct under the First Amendment had been treated.

Defendants take issue with what they have referred to as "cluster" billing, which is sometimes referred to as block-billing. The Court's local rules require specificity in the

billing descriptions, but they do not require attorneys to assign a percentage of the billed time for a given day to each particular task performed for the client during that day.  Having not made such assignments, however, Corrigan has assumed the risk that the entire billed time for a given day might be excluded because something in the description is not allowed.  That circumstance is present in this case with regard to entries that relate to the time Corrigan spent with Joe Dejka, a reporter for the Omaha World-Herald, and to entries that relate primarily to the Sarpy County criminal prosecution of Shiller.

I find that the private attorney general theory promoted by Section 1988 does not require the Defendants to pay for the time that Corrigan spent with the press.  Thus, the entries for June 17 and 18, 2004, and February 22, 2005, shall be excluded from the total amount of time reasonably expended in this case.[2]  While those entries also contain description of work that is likely compensable, there is no way, other than engaging in speculation, for this Court to award some, but not all, of the fee claimed for that day.  Because  Corrigan did not assign a specific amount of time to the discussions with a member of the press on the dates herein identified, 1.45 hours from the total requested hours will be excluded.

Likewise, I find four entries should be excluded because the professional services described therein, at least in part, are related exclusively to another case involving Sarpy County criminal prosecution of Shiller.  I will exclude the entries dated November 11, 2003, November 25, 2003, May 26, 2004, and August 27, 2004.  I have not excluded hours spent performing legal research and analysis of malicious prosecution, because evidence relating to the prosecutor's decision to pursue criminal charges against Shiller was relevant to this

---

[2] Defendants' brief also takes issue with 4.5 hours allegedly claimed for work on September 13, 2003, but I find no time entry that corresponds to either that date or that amount of time.

4

case. The total amount of time excluded as being related to the Sarpy County criminal prosecution is 5.5 hours.

Defendants ask this court to exclude $8,321.25 from the award based on former Sheriff Pat Thomas' successful motion for qualified immunity. While Sheriff Pat Thomas was dismissed in his individual capacity, the Sarpy County Sheriff was brought back into the action in his official capacity. Under these circumstances, I am in agreement that "partial success is not a ground on which to reduce fees if the plaintiff received 'excellent results' and the unsuccessful claim cannot easily be segregated from the claims on which the plaintiff prevailed." *Baker v. John Morrell & Co.,* 263 F. Supp.2d 1161, 1200 (N.D. Iowa 2003) *aff'd without discussion*, 382 F.3d 816, 831 (8th Cir. 2004). Accordingly, no deduction from the hours claimed will be made for time spent on the qualified immunity motion.

With the exceptions for time spent with the press and time spent on the Sarpy County criminal matter (6.95 hours), I find no reason to exclude any of the attorney hours from the application. Accordingly, 372.45 hours (379.4 - 6.95) will be included in the lodestar calculation. This reflects my best judgment of the number of hours reasonably expended in this case. *See El Tabech,* 869 F.Supp. at 1460.

Having made the findings on the reasonableness of the time spent on the matter, the lodestar method then requires the Court to determine whether the hourly rate of $175, claimed by Corrigan, is an appropriate market rate for the legal services he provided. The Supreme Court has decided that fees for legal services should be allowed at the rates billed to clients for such services if that is the practice in the relevant market. *Missouri v. Jenkins*, 491 U.S. 274, 285, 287-88 & n. 9 (1989).

Shiller was represented by one attorney, John Corrigan, who practices at Dowd, Howard & Corrigan, LLC, a private law firm that specializes to some extent in labor and employment litigation. Corrigan has been practicing labor and employment law for eight years, and he is a partner in a firm known for its labor and employment practice. He has submitted an affidavit which details some of his experience. Corrigan has experience in administrative, state, and federal litigation, and he demonstrates an emphasis in his practice in union and employment related matters. (Filing No. 230 at Corrigan Aff. ¶3). He has had previous success in these particular types of matters, that is representing public officers in First Amendment retaliation cases against public employers. (Corrigan Aff. ¶ 4).

Corrigan filed affidavits from two experienced attorneys in the same legal market who attest that Corrigan's rate of $175 per hour is a "fair and reasonable charge for Corrigan's services" and is a "usual and customary rate in cases litigated in the District of Nebraska where counsel has significant experience and expertise in the area of the law," as they attest, Corrigan possesses. (Filing No. 221, Affidavit of Dean G. Kratz, and Affidavit of Edward F. Fogarty.) Corrigan also has knowledge that this year, his law partner, Stephen Howard, was awarded fees at a rate of $200 per hour by this Court in *Dominguez v. Abbott Transportation, Inc.*, Case No. 8:03CV536, the Honorable William J. Riley, Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation. (Corrigan Aff. ¶5) Based on this evidence and the previous practice in this Court, I find that $175 per hour charged by Corrigan in this case is reasonable in light of his experience, the relevant legal market, and the degree of success that he obtained in this case.

Having reached these conclusions, the mechanics of the lodestar method is simple. The equation is the number of hours reasonably expended, 372.45 hours, multiplied by the reasonable rate of $175, which totals $65,178.75.  I find no reason to enhance or detract from the lodestar.  For example, there has been no significant delay either in the progression of the case or in the determination of the attorney's fee award that would require enhancement of the award.  And, while this case was not terribly complex in terms of the presentation of evidence, the case involved significant discovery, an abundance of witnesses, and the assertion of important constitutional principles.  Thus, I see no reason to detract from the award.

For all these reasons, I conclude that an attorney's fee award of $65,178.75 is fair and reasonable. For the reasons provided in this memorandum,

IT IS ORDERED:

1. The Plaintiff's Application for Attorney's Fees (Filing No. 221) is granted in the amount of $65,178.75; and

2. The Defendants shall pay the Plaintiff his reasonable attorney's fees and taxable costs in this matter by sending payment to his counsel, John E. Corrigan.

DATED this 10th day of November, 2005.

                                                BY THE COURT:

                                                s/Laurie Smith Camp
                                                United States District Judge